UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID WINTERS, *Co-Attorneys-in-Fact for their mother, et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO: 1:18-cv-00370-WCL-SLC ) |
| COVENANT CARE MARION LLC, *doing business as* Marion Rehabilitation and Assisted Living Center, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a complaint filed by Plaintiffs, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 1). As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The complaint is deficient in two ways with respect to alleging diversity jurisdiction. First, Plaintiffs allege that "[a]t the time of the incidents alleged, Plaintiff, Dorothy, was a citizen of the United States and a resident and patient of the above-caption Defendant, located in the State of Indiana," and "Dorothy now resides at a different facility in the State of Indiana . . . ." (DE 1 ¶ 5). With respect to a Plaintiff who is an individual, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a

person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Therefore, Plaintiffs must inform the Court of the state in which Plaintiff Dorothy Winters was domiciled at the time this suit was filed.[1] *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992) (stating that a party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit).

Second, Plaintiffs allege that Defendant is "a foreign limited liability company domiciled in the State of California with its principal place of business in the State of California . . . ." (DE 1 ¶ 6). But "in the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). "[C]itizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id*. (citations omitted). Accordingly, the Court must be informed of the identity and citizenship of all of the members of Defendant, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiffs. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Accordingly, Plaintiffs are afforded to and including November 28, 2018, to file an

---

[1] Because Plaintiffs David and Barbara Winters are proceeding in their representative capacity as attorneys-in-fact for Dorothy Winters, David and Barbara's citizenship is not material to the diversity jurisdiction analysis. *See Jordan v. Osmun*, No. 1:16-cv-501, 2016 WL 5724063, at *2-5 (E.D. Va. Sept. 29, 2016) (concluding that the plaintiffs who were proceeding as attorneys-in-fact pursuant to their durable power of attorney for another individual were not parties in interest for purposes of determining diversity jurisdiction, where there was no evidence that the plaintiffs were proceeding in their personal, as opposed to their representative, capacity).

2

amended complaint that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.[2]

SO ORDERED.

Entered this 14th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[2] Plaintiffs should also be prepared to discuss the amount in controversy in detail at the preliminary pretrial conference in an effort to demonstrate that at least $75,000 is in controversy in this dispute.