**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **DAVID WINTERS,** *Co-Attorneys-in-Fact for their mother, et al.*, | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) CASE NO: 1:18-cv-00370-WCL-SLC ) |
| **COVENANT CARE MARION LLC,** *doing business as* **Marion Rehabilitation and Assisted Living Center,** | ) ) ) ) ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is an amended complaint filed by Plaintiffs, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (DE 7). The amended complaint, however, still fails to demonstrate that the Court has diversity jurisdiction over this matter.

As the Court already explained in its Order dated November 14, 2018, "in the case of a firm that is not a corporation, its citizenship is the citizenship of its owners, partners, or other principals." (DE 5 at 2 (quoting *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002)). The amended complaint merely alleges that Defendant is a "manager-managed limited liability company" and identifies its managers. (DE 7 ¶¶ 8, 9).

But the organizer or manager of a limited liability company is irrelevant for purposes of establishing diversity jurisdiction. To reiterate, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its *members*." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (emphasis added). Therefore, the Court must be informed of the identity and citizenship of *all* of the *members* of Defendant, tracing such citizenship through all applicable layers of *ownership* to ensure that none of the members share a common citizenship with Plaintiffs. *See Meyerson*, 299 F.3d at 617 ("[C]itizenship of unincorporated

associations must be traced through however many layers of partners or members there may be." (citations omitted)).  Anything less can result in a dismissal for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

The second problem with the amended complaint is that many of its diversity jurisdiction allegations are premised "upon information and belief."  (*See* DE 7 ¶¶ 8-13).  "Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge."  *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

As the parties seeking to invoke federal diversity jurisdiction, Plaintiffs bear the burden of demonstrating that the requirement of complete diversity has been met.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  Plaintiffs will be afforded a second opportunity to attempt to meet that burden, in that Plaintiffs shall have up to and including December 13, 2018, to file an amended complaint that properly alleges federal subject matter jurisdiction on the basis of diversity of citizenship.[1]

SO ORDERED.

Entered this 29th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] To reiterate, Plaintiffs should also be prepared to discuss the amount in controversy in detail at the preliminary pretrial conference in an effort to demonstrate that at least $75,000 is in controversy in this dispute.